*480 OPINION.
Lansdon:
The petitioner’s first contention is that the difference between the cost, $21,000, and the alleged fair market value, $35,325, of a certain parcel of farm lands averred to have been acquired in satisfaction of a debt should be included in the computation of its invested capital from the date of the acquisition of such land. To prevail on this point the petitioner must prove that the land in question was acquired in satisfaction of a debt, that at that time it had the value claimed, and that the difference between cost and value falls within the statutory definition of some one of the several elements of invested capital.
The Board is not convinced that the land in question was acquired in satisfaction of a debt. It is true that a debt existed, that the petitioner sued for recovery and prevailed in the Supreme Court of the State of Missouri. It is not true,' however, that the judgment of the court vested the title to the land in the petitioner. The judgment was that the land, upon which the petitioner had placed an attachment as part of the legal proceedings for recovery of the debt should be sold by the sheriff and the proceeds of such sale applied in the liquidation of the debt. To protect its interests the petitioner bought the land and received a sheriff’s deed therefor. To secure complete possession and eliminate all adverse interests in such land, the petitioner also paid off a mortgage on the land and extinguished dower rights of the wife of the prior owner at a cost of $1,500. To us it seems clear that the land in question was acquired by purchase, and that the debt involved was, in fact, only a part of the purchase price.
Upon acquiring title the petitioner took the land into its books of account as an asset at cost, which, it is agreed, was $21,000. If any *481 greater amount is to be included in invested capital it is necessary for the taxpayer to prove the value in excess of cost that it acquired when title was taken. This it has not even attempted to do. The sheriff’s sale was a public proceeding at which anyone might bid. The fact that no one but the petitioner made an offer is a sound basis for the conclusion that others, knowing the total incumbrances to be removed before title could be cleared, did not believe that the land then had a value in excess of $21,000, which we find was the value of the farm when acquired by the petitioner. The taxpayer having failed to prove that the land was acquired in satisfaction of a debt or that it had any value in excess of cost at the date of acquisition, it is not necessary to discuss the petitioner’s contentions further as to merit.
The petitioner also contends that the Commissioner having once approved a claim for refund of taxes based on its demand for inclusion of the alleged market value over cost at acquisition, such approval may not afterwards be reversed to its prejudice. The evidence disclosed that, upon a review of all the facts, the Commissioner issued a certificate of ovérassessment and a notice of refund on or about August 9, 1922, and that on or about September 18, 1924, he reversed such action and asserted the deficiency here in question. The finding of an overassessment and the reversal of such finding were acts of the same Commissioner. We have heretofore decided this question against the petitioner’s contention in the Appeal of Dallas Brass & Copper Co., 3 B. T. A. 856; and Appeal of Warner Sugar Refining Co., 4 B. T. A. 5.

The deficiencies are: For 1917, $181.61; for 1918, $31f.30; and for 1919, $1,039.70. Order wül be entered accordingly.

Smith and SteeNhageN concur in the result only.